IN THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, STATE OF FLORIDA

CARBY WESTBERRY and
MARY LEE WESTBERRY,
Husband and Wife,

       Plaintiffs,

       v.

AMERICAN STEEL & WIRE
CORPORATION, a Delaware corporation;

AURORA PUMP COMPANY;

BELDEN INC, a/k/a BELDEN CDT INC.,
Individually and as Successor in Interest to
ALPHA WIRE COMPANY, a Delaware
corporation;

BIGHAM INSULATION & SUPPLY
COMPANY, INC., a Florida corporation;

CARLING TECHNOLOGIES, INC., a
Connecticut corporation;

CBS CORPORATION, Successor by
Merger to VIACOM, INC., f/k/a WESCO
f/k/a WESTINGHOUSE ELECTRIC
CORPORATION (Individually and as
Successor to B.F. STURTEVANT CO.),
a Delaware corporation;

CHROMALOX INC., a Delaware
corporation;

COOPER INDUSTRIES, INC.,
Individually and Successor in Interest to
GARDNER-DENVER COMPANY, a
Delaware corporation;

CRANE CO., Individually and as
Successor to CHAPMAN VALVE MFG.
CO. and WEINMAN PUMP COMPANY,
a Delaware corporation;

EATON CORPORATION, AS
SUCCESSOR IN INTEREST TO

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)



AMENDED COMPLAINT

CASE NO.: 2010 CA 012191

DIVISION: CV-A

JURY TRIAL DEMANDED

PLAINTIFFS AMENDED COMPLAINT

1



CUTLER HAMMER INC., n/k/a )
EATON ELECTRICAL COMPANY, )
INC., an Ohio corporation; )
)
ELLIOTT TURBOMACHINERY CO., )
INC., a Delaware corporation; )
)
EMERSON ELECTRIC CO., Individually )
and Successor in Interest to FISHER )
CONTROLS INTERNATIONAL LLC and )
CHROMALOX INC., a Missouri )
corporation; )
)
ERICSSON, INC., as Successor in Interest )
to ANACONDA WIRE & CABLE )
COMPANY, a Delaware corporation; )
)
EXTECO, INC., f/k/a THERMO )
ELECTRIC CO., INC., a New Jersey )
corporation; )
)
FISHER CONTROL INTERNATIONAL )
LLC f/k/a FISHER CONTROLS )
INTERNATIONAL, INC., a Delaware )
corporation; )
)
FLOWSERVE US INC., n/k/a )
FLOWSERVE CORPORATION f/k/a )
THE DURIRON COMPANY f/k/a )
ALDRICH PUMP COMPANY, as )
Successor in Interest to ROCKWELL )
MANUFACTURING, EDWARD )
VALVES INC., EDWARD VOGT )
VALVE COMPANY, DURCO )
INTERNATIONAL and BRYON )
JACKSON PUMPS,   a New York )
corporation; )
)
FMC CORPORATION, f/k/a NORTHERN )
PUMP CO., Individually and on behalf of )
Of its former division PEERLESS PUMPS, )
a Delaware corporation; )
)
GARDNER DENVER INC., a Delaware )
corporation; )
)
GENERAL CABLE CORPORATION, )

PLAINTIFFS AMENDED COMPLAINT

2

Individually and as Successor in Interest to                    )
GENERAL CABLE TECNOLOGIES                                      )
CORPORATION, a Delaware corporation;                            )
                                                                )
GENERAL ELECTRIC COMPANY, a                                     )
New York corporation;                                           )
                                                                )
THE GORMANN-RUPP COMPANY,                                       )
Individually and as a Successor in Interest                     )
to GRISCOM-RUSSELL COMPANY, an                                  )
Ohio corporation;                                               )
                                                                )
GOULDS PUMPS, INCORPORATED, a                                   )
Delaware corporation;                                           )
                                                                )
GRAYBAR ELECTRIC COMPANY                                        )
INC., a New York corporation;                                   )
                                                                )
INGERSOLL-RAND COMPANY, a New                                   )
Jersey corporation;                                             )
                                                                )
ITT CORPORATION f/k/a ITT                                       )
INDUSTRIES, INC., Individually and as                           )
Successor to BELL & GOSSETT                                     )
COMPANY,  and as Successor to                                   )
KENNEDY VALVEMANUFACTURING                                     )
CO. INC., as Successor to GRINNELL                              )
VALVE CO. INC., a Delaware                                      )
corporation;                                                    )
                                                                )
JOHN CRANE HOUDAILLE, INC.,                                     )
Individually and as Successor in Interest to                    )
JOHN CRANE, INC., a Delaware                                    )
corporation;                                                    )
                                                                )
JOHNSON CONTROLS, INC.,                                         )
Individually and as Successor in Interest to                    )
YORK INTERNATIONAL, and FRICK                                   )
CO., a Wisconsin corporation;                                   )
                                                                )
MARLEY-WYLAIN COMPANY, a                                        )
Delaware corporation;                                           )
                                                                )
HEICO COMPANIES LLC, Individually                               )
and Successor in Interest to OHMITE                             )
MANUFACTURING COMPANY, a                                        )

PLAINTIFFS AMENDED COMPLAINT

Delaware corporation;                                    )
                                                         )
PHELPS-DODGE INDUSTRIES, INC.                            )
a/k/a PHELPS-DODGE WIRE & CABLE,                         )
a Delaware corporation;                                  )
                                                         )
PREMIX-MARBLETITE                                        )
MANUFACTURING CO., a Florida                             )
corporation;                                             )
                                                         )
ROCKWELL AUTOMATION, INC.,                               )
Formerly known as ROCKWELL                               )
INTERNATIONAL (Individually and as                       )
successor by merger to Allen                             )
Bradley Co.), a Delaware corporation;                    )
                                                         )
ROL MANUFACTURING OF                                     )
AMERICA, INC., a Florida corporation;                    )
                                                         )
SIEMENS CORPORATION individually                         )
and as the Holding Company for                           )
SIEMENS AG, a Delaware corporation;                      )
                                                         )
SPX CORPORATION, Individually and                        )
Successor in Interest to SPX COOLING                     )
TECHNOLOGIES, INC., MARLEY                               )
COOLING TECHNOLOGIES, INC.,                              )
MARLEY-WYLAIN COMPANY,                                   )
AURORA PUMPS INC.,  SPX VALVES                           )
AND CONTROLS, DEZURIK INC                                )
and WEIL-MCLAIN, a Delaware                              )
corporation;                                             )
                                                         )
STERLING FLUID SYSTEMS USA,                              )
LLC, Formerly known as PEERLESS                          )
PUMP COMPANY, a Delaware                                 )
corporation;                                             )
                                                         )
SCHNEIDER ELECTRIC USA, INC. f/k/a                       )
SQUARE D COMPANY, a Delaware                             )
corporation;                                             )
                                                         )
TAMPA RUBBER & GASKET CO.,                               )
INC., a Florida corporation;                             )
                                                         )
TYCO INTERNATIONAL LTD, k/n/a                            )

PLAINTIFFS AMENDED COMPLAINT

4

TYCO INTERNATIONAL (US) INC., )
Individually and as Successor in Interest by )
merger with KEYSTONE )
INTERNATIONAL INC. and Successor in )
Interest to GRINNELL CORPORATION, )
a Massachusetts corporation; )
)
TYCO VALVES AND CONTROLS INC., )
a Texas corporation; )
)
UNION CARBIDE CORPORATION, a )
New York corporation; )
)
WEIL-MCLAIN, a Division of MARLEY- )
WYLAIN COMPANY, a South Carolina )
corporation; )

       Defendants.

## PLAINTIFFS ORIGINAL COMPLAINT

COMES NOW Plaintiffs CAREY WESTBERRY and MARY LEE WESTBERRY,

husband and wife, and sue the Defendants AMERICAN STEEL & WIRE CORPORATION, a

Delaware corporation; AURORA PUMP COMPANY; BELDEN INC, a/k/a BELDEN CDT

INC., Individually and as Successor in Interest to ALPHA WIRE COMPANY, a Delaware

corporation; BIGHAM INSULATION & SUPPLY COMPANY, INC., a Florida corporation;

CARLING TECHNOLOGIES, INC., a Connecticut corporation; CBS CORPORATION,

Successor by Merger to VIACOM, INC., f/k/a WESCO f/k/a WESTINGHOUSE ELECTRIC

CORPORATION (Individually and as Successor to B.F. STURTEVANT CO.), a Delaware

corporation; CHROMALOX INC., a Delaware corporation; COOPER INDUSTRIES, INC.,

Individually and Successor in Interest to GARDNER-DENVER COMPANY, a Delaware

corporation; CRANE CO., Individually and as Successor to CHAPMAN VALVE MFG. CO. and

WEINMAN PUMP COMPANY, a Delaware corporation; EATON CORPORATION, as

PLAINTIFFS AMENDED COMPLAINT

successor in interest to CUTLER HAMMER INC., n/k/a EATON ELECTRICAL COMPANY,

INC., an Ohio corporation; ELLIOTT TURBOMACHINERY CO., INC., a Delaware

corporation; EMERSON ELECTRIC CO., Individually and Successor in Interest to FISHER

CONTROLS INTERNATIONAL LLC and CHROMALOX INC., a Missouri corporation;

ERICSSON, INC., as Successor in Interest to ANACONDA WIRE & CABLE COMPANY, a

Delaware corporation; EXTECO, INC., f/k/a THERMO ELECTRIC CO., INC., a New Jersey

corporation; FISHER CONTROL INTERNATIONAL LLC f/k/a FISHER CONTROLS

INTERNATIONAL, INC., a Delaware corporation; FLOWSERVE US INC., n/k/a

FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY f/k/a ALDRICH PUMP

COMPANY, as Successor in Interest to ROCKWELL MANUFACTURING, EDWARD

VALVES INC., EDWARD VOGT VALVE COMPANY, DURCO INTERNATIONAL and

BRYON JACKSON PUMPS, a New York corporation; FMC CORPORATION, f/k/a

NORTHERN PUMP CO., Individually and on behalf of its former division PEERLESS PUMPS,

a Delaware corporation; GARDNER DENVER INC., a Delaware corporation; GENERAL

CABLE CORPORATION, Individually and as Successor in Interest to GENERAL CABLE

TECNOLOGIES CORPORATION, a Delaware corporation; GENERAL ELECTRIC

COMPANY, a New York corporation; THE GORMANN-RUPP COMPANY, Individually and

as a Successor in Interest to GRISCOM-RUSSELL COMPANY, an Ohio corporation; GOULDS

PUMPS, INCORPORATED, a Delaware corporation; GRAYBAR ELECTRIC COMPANY

INC., a New York corporation; INGERSOLL-RAND COMPANY, a New Jersey corporation;

ITT CORPORATION f/k/a ITT INDUSTRIES, INC., Individually and as Successor to BELL &

GOSSETT COMPANY, and as Successor to KENNEDY VALVEMANUFACTURING CO.

INC., as Successor to GRINNELL VALVE CO. INC., a Delaware corporation; JOHN CRANE

HOUDAILLE, INC., Individually and as Successor in Interest to JOHN CRANE, INC., a

Delaware corporation; JOHNSON CONTROLS, INC., Individually and as Successor in Interest

to YORK INTERNATIONAL, and FRICK CO., a Wisconsin corporation; MARLEY-WYLAIN

COMPANY, a Delaware corporation; HEICO COMPANIES LLC, Individually and Successor in

Interest to OHMITE MANUFACTURING COMPANY, a Delaware corporation; PHELPS-

DODGE INDUSTRIES, INC. a/k/a PHELPS-DODGE WIRE & CABLE, a Delaware

corporation; PREMIX-MARBLETITE MANUFACTURING CO., a Florida corporation;

ROCKWELL AUTOMATION, INC., Formerly known as ROCKWELL INTERNATIONAL

(Individually and as successor by merger to Allen Bradley Co.), a Delaware corporation; ROL

MANUFACTURING OF AMERICA, INC., a Florida corporation; SIEMENS CORPORATION

individually and as the Holding Company for SIEMENS AG, a Delaware corporation; SPX

CORPORATION, Individually and Successor in Interest to SPX COOLING TECHNOLOGIES,

INC., MARLEY COOLING TECHNOLOGIES, INC., MARLEY-WYLAIN COMPANY,

AURORA PUMPS INC., SPX VALVES AND CONTROLS, DEZURIK INC

and WEIL-MCLAIN, a Delaware corporation; STERLING FLUID SYSTEMS USA, LLC,

Formerly known as PEERLESS PUMP COMPANY, a Delaware corporation; SCHNEIDER

ELECTRIC USA, INC. f/k/a SQUARE D COMPANY, a Delaware corporation; TAMPA

RUBBER & GASKET CO., INC., a Florida corporation; TYCO INTERNATIONAL LTD, k/n/a

TYCO INTERNATIONAL (US) INC., Individually and as Successor in Interest by merger with

KEYSTONE INTERNATIONAL INC. and Successor in Interest to GRINNELL

CORPORATION, a Massachusetts corporation; TYCO VALVES AND CONTROLS INC., a

Texas corporation; UNION CARBIDE CORPORATION, a New York corporation; WEIL-

MCLAIN, a Division of MARLEY-WYLAIN COMPANY, a South Carolina corporation and

alleges as follows:

1.  This is an action for damages in excess of the minimum jurisdictional limits of this court of
    $15,000.00.  The Court has jurisdiction to hear this action and all conditions precedent to
    filing have been met.  Venue is proper as the events in this complaint arose in this county.

2.  On or about June 28, 2010, CAREY WESTBERRY was medically diagnosed as having the
    asbestos-related occupational disease: Malignant mesothelioma and other asbestos-related
    injuries.

3.  CAREY WESTBERRY was exposed to various products containing asbestos while
    working as an electrician at Jacksonville Shipyard, formerly known as AeroJet General or
    Gibbs Shipyard, and Mayport Naval Air Station from 1958-1969. CAREY WESTBERRY
    performed his duties as an electrician on United States Naval vessels built at the
    aforementioned shipyards, including, but not limited to the vessels:  USS Mt. McKinley,
    USS Saratoga, USS Bigelow, USS Franklin D. Roosevelt, USS Miles C. Fox, USS Shangri-
    la, USS Hunt, USS Essex and USS Adams.

4.  CAREY WESTBERRY was also exposed to various products containing asbestos while
    working as an electrician and maintenance worker at the Anheuser-Busch brewery in
    Jacksonville, Florida from 1969-1973.

5.  During his career as an electrician at Jacksonville Shipyard, formerly known as AeroJet
    General or Gibbs Shipyard, Mayport Naval Air Station, and Anheuser-Busch, CAREY
    WESTBERRY was exposed to the effects and results of his and others' work with and
    around asbestos and asbestos-containing insulation materials, which were manufactured,
    processed, imported, converted, compounded, distributed, sold, used, installed, specified,

incorporated, required, or otherwise placed into the channels of commerce by one or more
of the Defendants.

6.  At all times material hereto CAREY WESTBERRY and his wife MARY LEE
WESTBERRY were residents of the State of Florida.

7.  Defendants, currently have or have had a resident agent or officer in this state; are citizens
of other states, and they or their predecessors hereinafter identified did one or more of the
following acts out of which this claim arises:

    a.  Operated, conducted, engaged in or carried on a business or business venture in
this state, or had an office or agency in this state;

    b.  Sold or consigned through jobbers, brokers, wholesalers or distributors in this
state asbestos-containing products or mined and supplied the raw asbestos
therefore, and conducted or participated in an advertising campaign in this state to
promote the sale and use of its products to Florida citizens and businesses;

    c.  Had at the time of the wrongful act, or at the time of the accrual of the cause of
action, a resident agent or officer of this state;

    d.  Committed wrongful acts or omissions within this state, which caused injury to
the plaintiffs in this state;

    e.  Committed wrongful acts or omissions outside this state which caused injury to
the plaintiff in this state and who, at the time of the injury, was engaged in
solicitation or service activities in this state, which resulted in such injury;

    f.  Committed wrongful acts or omissions outside this state which caused injury to
the plaintiff in this state and whose aforesaid products were used within this state

PLAINTIFFS AMENDED COMPLAINT

in the ordinary course of commerce, trade or use and said use, or exposure to the use, of said products resulted in plaintiff's injury.

8. At all times material hereto, asbestos was a naturally occurring mineral which, in its raw fiber state and when contained in manufactured products, carried with it risks of the contraction of pulmonary and other injuries through the breathing of asbestos dust.

9. That pulmonary and other injuries could be contracted from the breathing of asbestos-containing dust was not apparent to persons such as CAREY WESTBERRY. As a result of the aforesaid exposures to asbestos, CAREY WESTBERRY contracted the asbestos-related disease: Malignant mesothelioma and other asbestos-related injuries.

10. At all times material hereto, CAREY WESTBERRY was a foreseeable user of and/or was foreseeably exposed to the asbestos or asbestos-containing products of the Defendants and/or Defendants' products that specified, required, or incorporated asbestos-containing products which the Defendants knew, or reasonably should have known, posed the aforesaid harmful consequences for foreseeable users, such as CAREY WESTBERRY, engaged in the specific type of places in which he was working.

COUNT I

NEGLIGENCE

11. Plaintiff realleges paragraphs 1 (one) through 10 (ten) as though fully set out herein.

12. Defendants each breached their respective duties to use reasonable care for the health and safety of persons such as CAREY WESTBERRY, in one or more of the following ways:

a. Failing to provide reasonably adequate warning of the potential harm that might result from exposure to asbestos-containing dust, and alternatively, failed to provide reasonably adequate instructions for the safe use of the products;

PLAINTIFFS AMENDED COMPLAINT

b. Failing to take reasonable care to provide users, such as CAREY WESTBERRY, with reasonably proper respirators to protect them from the hazards of exposure to asbestos-containing dust;

c. Failing to warn persons, such as CAREY WESTBERRY, who had been, exposed to Defendants' asbestos-containing products and/or Defendants' products that required, specified, or incorporated asbestos-containing products, to their injury-causing potential, the proper steps to take to reduce the harmful effects of previous exposure, the need to have periodic chest x-rays and medical examinations including the giving of histories which revealed the details of the previous exposure, and the need to have immediate and vigorous medical treatment for all respiratory problems;

d. Failing to cease design, manufacture, installation, use, specifying, requiring, incorporating, distributing, manipulating, otherwise employing, purchasing, maintaining, and marketing insulation products containing asbestos after it became reasonable to use comparable non-asbestos containing insulation products.

e. As a direct result of Defendants' wrongful conduct which caused CAREY WESTBERRYS' asbestos related diseases and health problems, CAREY WESTBERRY and/or MARY LEE WESTBERRY have suffered extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life.

WHEREFORE, Plaintiffs demand judgment against the defendants for compensatory damages, including but not limited to: past, present, and future physical pain and suffering; past, present, and future mental anguish; past, present, and future medical expenses and rehabilitation; past, present, and future disability; loss of enjoyment of life; loss of support; loss of services; and any other losses, costs and interest that are established at the trial or that Plaintiffs are legally entitled to in this matter, in excess of the minimum jurisdictional limits of this court and demand trial by jury of all issues herein so triable. Plaintiffs reserves the right to seek punitive damages if the evidence supports such a claim.

COUNT II

STRICT LIABILITY

13. Plaintiff realleges paragraphs 1 (one) through 12 (twelve) as though fully set out herein.

14. Plaintiff further alleges that the asbestos and asbestos-containing products and/or products that specified, required, or incorporated asbestos-containing products were in a defective condition, unreasonably dangerous to foreseeable users or individuals who would be foreseeably harmed, such as CAREY WESTBERRY, when those products left the possession of Defendants and were in the same condition when CAREY WESTBERRY was exposed to them.

15. Defendants' asbestos-containing products and/or products that specified, required, or incorporated asbestos-containing products were in a defective condition, unreasonably dangerous, in that those products:

    a. Did not have a reasonably adequate warning of the potential harm that might result from exposure to asbestos-containing dust, and alternatively, did not have reasonably adequate instructions for the safe use of the products;

    b.  Did not have reasonably proper respirators to protect users, such as CAREY WESTBERRY from the potential harm that might result from exposure to asbestos-containing dust;

    c.  Did not have warnings to persons, such as CAREY WESTBERRY, who had been, or reasonably may have been, exposed to Defendants' asbestos-containing products, or their injury-causing potential, the proper steps to take to reduce the harmful effects of previous exposure, the need to have periodic chest x-rays and medical examinations;

    d.  Contained and/or specified, required, or incorporated asbestos or asbestos-containing products when and after it became reasonably feasible to design, manufacture and market reasonably comparable insulation products not containing asbestos.

16. As a direct and proximate result of the aforesaid acts, all of which fell below the acceptable standard of care, CAREY WESTBERRY developed the asbestos-related injury: Malignant mesothelioma and other asbestos-related injuries. As a result, he endures physical and mental pain and suffering, became disabled, suffered physical handicap and had incurred medical expenses in the treatment of his illness. CAREY WESTBERRYS' asbestos-related illness was aggravated by and through continued exposures to the Defendants' asbestos and asbestos-containing products.

17. CAREY WESTBERRY' injury is the direct and proximate result of the breach of strict liability and Plaintiff has suffered permanent and serious damages as previously described in this Complaint.

PLAINTIFFS AMENDED COMPLAINT

13

WHEREFORE, Plaintiffs demand judgment against the defendants for compensatory damages, including but not limited to: past, present, and future physical pain and suffering; past, present, and future mental anguish; past, present, and future medical expenses and rehabilitation; past, present, and future disability; loss of enjoyment of life; loss of support; loss of services; and any other losses, costs and interest that are established at the trial or that Plaintiffs are legally entitled to in this matter, in excess of the minimum jurisdictional limits of this court and demand trial by jury of all issues herein so triable.  Plaintiffs reserve the right to seek punitive damages if the evidence supports such a claim.

COUNT III

BREACH OF WARRANTY

18. Plaintiff realleges paragraphs 1 (one) through 18 (eighteen) as though fully set out herein.

19. CAREY WESTBERRY was exposed to asbestos related materials and other asbestos containing products, mined, manufactured, processed, imported, converted, compounded, specified, required, incorporated and/or sold, and/or distributed by each Defendant. Plaintiff inhaled and absorbed asbestos fibers emanating from certain of Defendants' products.

20. As a result of this inhalation of absorption, CAREY WESTBERRY developed the asbestos-related injury: Malignant mesothelioma and other asbestos-related injuries.

21. Each of the defendants manufactured, sold, and distributed or utilized asbestos products to which CAREY WESTBERRY was exposed to in the course of his occupation.

22. Each defendant sold their asbestos-containing product and/or products that specified, required, or incorporated asbestos-containing products to CAREY WESTBERRY, to his

employer or to others with knowledge that individuals such as CAREY WESTBERRY would be exposed to them.

23. At the time of the sale and/or distribution of each Defendant's asbestos-containing products and the use of said asbestos-containing products by CAREY WESTBERRY, each Defendant possessed superior knowledge as to the dangerous propensities of each defendant's asbestos fibers to cause the aforementioned terminal diseases.

24. CAREY WESTBERRY relied upon each Defendant's skill, superior knowledge and judgment to furnish products, which were safe and would not subject him to the lethal diseases of asbestosis, malignant mesothelioma and other forms of cancer.

25. Each Defendant impliedly warranted that their asbestos products were of good and merchantable quality. Such warranty of each Defendant was breached in that asbestos fibers were given off into the atmosphere at such time as CAREY WESTBERRY carried out his work and duties causing him to be exposed and to inhale said asbestos fibers from each Defendant's asbestos materials.

26. As a direct and proximate result of the aforesaid acts, CAREY WESTBERRY, developed malignant mesothelioma and other asbestos-related injuries. As a result, he and his wife have suffered physical and mental pain and suffering, he has become disabled, suffers physical handicap and had incurred medical expenses in the treatment of his illness. CAREY WESTBERRYS' asbestos-related illness was aggravated by and through continued exposures to the Defendants' asbestos and asbestos-containing products. These injuries and losses are permanent and continuing in nature and will continue in the future.

PLAINTIFFS AMENDED COMPLAINT

15

27. CAREY WESTBERRYS' illness is the direct and proximate result of the breach of implied

warranty of good and merchantable quality and CAREY WESTBERRY has suffered

permanent and serious damages as previously described in this Complaint.

WHEREFORE, Plaintiffs demand judgment against the defendants for compensatory damages,

including but not limited to: past, present, and future physical pain and suffering; past, present,

and future mental anguish; past, present, and future medical expenses and rehabilitation; past,

present, and future disability; loss of enjoyment of life; loss of support; loss of services; and any

other losses, costs and interest that are established at the trial or that Plaintiffs are legally entitled

to in this matter, in excess of the minimum jurisdictional limits of this court and demand trial by

jury of all issues herein so triable.  Plaintiffs reserve the right to seek punitive damages if the

evidence supports such a claim.

Respectfully submitted,

Scott Barnes, Esq.
FL Bar #0040634
Katherine McFarland, Esq.
FL Bar #0056323
**Levin Papantonio Thomas Mitchell
Echsner & Proctor P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Attorneys for Plaintiffs

PLAINTIFFS AMENDED COMPLAINT                    16